# FITZPATRICK *v.* CAPITAL TRACTION COMPANY.

PLEADING; VARIANCE; STREET RAILWAYS; NEGLIGENCE; EVIDENCE; WITNESSES.

1. In an action against a street railway company for damages for personal

Note.—For authorities discussing the question of negligence of passenger in getting on or off moving street cars, see notes in 38 L.R.A. 786 and 30 L.R.A. (N.S.) 270.

injuries, proof that the plaintiff while a passenger on one of the defendant's cars voluntarily stepped from the car, and was led to do so by the negligent act of the conductor in opening a sliding door between the body of the car and the platform, will not support an allegation of the declaration that the plaintiff was led to believe by the negligence of the conductor in opening the door that the car had come to a stop, thereby inducing the plaintiff to take a position upon the platform or step from which he fell or was thrown to the ground.

2. Where, in a personal injury action against a street railway company, the plaintiff claims that the conductor of the defendant's car on which he was a passenger negligently opened the sliding door between the body of the car and the platform while the car was in motion, thereby causing the plaintiff to believe that the car had stopped, as a result of which the plaintiff fell from the platform and was injured, an offer of evidence by the plaintiff that another car was passing in an opposite direction upon a parallel track is properly rejected when it fails to show that the car was passing at a time when its passing could have had any bearing upon the question of whether the plaintiff was thereby misled into thinking that the car in which he was riding had come to a stop.

3. In offering evidence from the mouth of his own witness a party is bound to know what the witness can say and to make the offer in such terms that the court has the assurance of the party that if permitted to speak the witness will so testify. The rule in cross-examination is different, because there the cross-examiner cannot be supposed to know what the answer will be.

4. In an action against a street railway company to recover for injuries received by the plaintiff in falling from the platform of one of the defendant's cars in which he had been a passenger, it is not reversible error for the trial court to sustain an objection by the defendant to a question propounded by the plaintiff to his physician, as to whether the plaintiff had lost sleep for some nights prior to the injury, when the plaintiff in testifying had said nothing about having been without sleep or about any unusual condition of his mental faculties, and the plaintiff does not offer to show that the physician in fact knew anything about the matter.

No. 2963.   Submitted January 3, 1917.   Decided January 10, 1917.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia on verdict in an action to recover damages for personal injuries.    *Affirmed.*

The facts are stated in the opinion.

*Mr. A. E. L. Leckie, Mr. J. W. Cox,* and *Mr. Joseph T. Sherier,* for the appellant:

1. The appellant complains that the Court refused to allow him to introduce evidence to show that at the time when he was leaving the north-bound car on which he was a passenger a south-bound car was passing on the opposite track. The objection to his testimony on this point was that nothing is alleged in the declaration as to the movement of cars on the other track. Clearly this testimony was relevant. It was designed to complete the picture of the occurrence under investigation. It was "one of the facts surrounding or accompanying a transaction or occurrence which is the subject of legal investigation . . . such as attend and give character to it." *Steinhofel* v. *Chicago, etc., R. Co.* 92 Wis. 123, quoted in 11 Enc. Ev. 289 ; *Hall* v. *State,* 48 Ga. 607, 608, quoted in 34 Cyc. 1643 ; 8 Enc. Ev. 912, collating authorities ; *Richmond & D. R. Co.* v. *Powers,* 149 U. S. 43 ; *Memphis, etc., R. Co.* v. *Martin,* 117 Ala. 357.

Furthermore, the fact that *the other car was passing* at the time of the accident here in question *had a definite and specific bearing upon the question of the reasonableness of the plaintiff's belief* that the car he was upon had stopped. Moore, Facts, Sec. 703.

2. The appellant sought to show as a further circumstance explaining his conduct that he had lost several nights' sleep just prior to the accident on account of sickness of members of his family, two of whom, the evidence shows, had on the day of the accident undergone operations at the hospital. Upon the objection of the defendant, the evidence was excluded. Evidence throwing light upon the plaintiff's mental and physical condition was sought to be offered not for the purpose of affecting the duty of the defendant, but as a circumstance tending to explain his conduct. Did he act as a reasonable man might have acted when worn out and fatigued and thrown off his guard by the negligent conduct of the carrier in whose care he was ? Or was he, as a man of reasonable care and prudence, required to be as accurate and alert in his observations and con-

clusions as when not fatigued and worn out? The law does not require a man to use faculties which he does not possess. *Austin* v. *Ritz,* 72 Tex. 391, 403; *Cleveland R. Co.* v. *Terry,* 8 Ohio St. 579; *Great Falls & Old Dominion R. Co.* v. *Hill,* 34 App. D. C. 304; Thomp. Neg. Sec. 338; *Lewis* v. *D. & H. Canal Co.* 145 N. Y. 517.

3. The appellant assigns as error the granting of the defendant's third instruction, which reads as follows: "You are instructed that the plaintiff was bound to observe whether or not the defendant's car on which he was a passenger was in motion at the time that he undertook to alight therefrom, and if you find from the evidence that the plaintiff undertook to alight from defendant's car when the same was moving at a rate of speed which rendered it unsafe for a reasonably prudent man to alight therefrom, and that as a direct result of such action he sustained personal injuries, your verdict must be for the defendant."

Under this instruction, the belief of the plaintiff as to the movement of the car and the circumstances that induced that belief are entirely disregarded. All of the testimony which the plaintiff introduced to explain his conduct as reasonable under the circumstances was by this instruction at one stroke eliminated from the case for all practical purposes. The case was made to turn upon the single question as to the speed of the car. Of what avail could be the evidence to show that the plaintiff had been misled and deceived by the negligent act of the carrier if he was bound to observe and determine correctly the speed of the car?

. The general principle underlying this class of cases is that where one undertakes to do an act or discharge a duty by which the conduct of others may be properly regulated or governed such others may rely upon their belief that the act or duty will be properly done or performed. *Carrington* v. *R. Co.* 3 App. D. C. 101; *Johanson* v. *R. Co.* 153 Mass. 59; *Ry. Co.* v. *Schneider,* 45 Ohio St. 678; 1 Shearm. & Redf. Neg. Sec. 91; *Warner* v. *B. & O. R. Co.* 168 U. S. 339; *R. Co.* v. *Hauer,* 60

Md. 449; *Boyce* v. *Manhattan R. Co.* 118 N. Y. 314; *Quinn* v. *Manhattan R. Co.* 7 N. Y. S. R. 252.

*Mr. Frank J. Hogan* for the appellee.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in the place of Mr. Justice ROBB, delivered the opinion of the Court:

The plaintiff, Francis W. Fitzpatrick, sued the defendant, Capital Traction Company, in damages for injuries sustained by him by being thrown, or caused to fall, from a car of the defendant through the negligence of the defendant's conductor in leading the plaintiff to believe that the car had come to a stop, and thereby inducing him to take a position upon the platform or step from which he fell or was thrown to the ground, while the car was still in motion. Verdict and judgment for defendant. The car was one having sliding doors, operated by a lever, between the car itself and the platform, intended to be kept closed except when the car was at a stop, and the negligence alleged was in the conductor's opening the door while the car was still in motion, thereby inducing the plaintiff to believe that the car had stopped and to pass through the door to the platform or to the step from the platform. The declaration contains no allegation that the plaintiff was led to step off the car, nor that he did, in fact, step off the car. The allegation is clear and distinct that he fell off or was thrown off.

The defendant pleaded not guilty, and contributory negligence.

It is plain, therefore, that as the plaintiff was bound to recover, if at all, upon the case made in his declaration, he could not recover upon proof that he voluntarily stepped from the car and that he was led to do so by the negligent act of the conductor.

The court instructed the jury in a manner satisfactory to the plaintiff so far as the question of the defendant's negligence

was concerned; but the plaintiff assigns error in three respects touching the question of contributory negligence. The point chiefly relied upon is that the court instructed the jury that if after the plaintiff had passed through the door to the platform he voluntarily stepped or jumped therefrom while the car was moving at a rate of speed which made the act dangerous for a man of ordinary prudence he could not recover. Touching this assignment it is enough to say that if the plaintiff voluntarily stepped or jumped from the car he could not possibly recover under his declaration, whether in so doing he was guilty of contributory negligence or not.

Another assignment concerns the exclusion of an offer of evidence. The accident happened in the night, and the plaintiff offered to show as a part of the occurrence that another car was passing in the opposite direction upon a track parallel to and adjoining the one on which plaintiff's car was running. So far as concerns the question of the plaintiff's negligence in stepping or jumping from the car, if that is what he did, the same remarks would apply to this offer as to the preceding assignment of error. If, however, the offer concerns the alleged negligence of the plaintiff in passing through the door to the platform and in taking the position from which he alleged that he fell or was thrown off, it deserves a different consideration. Treating the offer in the latter view, it is to be examined with respect to the point of time to which it was addressed. If it was offered to show that at the very time when the plaintiff was rising from his seat or passing through the door or taking his position upon the platform preparatory to alighting the other car was passing and the plaintiff observed it, the fact might be admissible as having some tendency to show that the plaintiff as a reasonable and careful man was confused thereby and misled into thinking that the car in which he was riding had come to a stop. Being offered upon the question of contributory negligence only, perhaps the plaintiff is right in urging that it was not necessary that the circumstance of the passing of the car should have been mentioned in the declaration. But when the offer is examined it will be found to be too general and indefinite to make its ex-

clusion error. It was not confined to the time which alone could make it material, but was stated as "at about the time of the accident," and again, as "at the time when plaintiff was on the east track going north," which may have been before the door was opened, or after he had reached the platform and the place from which his declaration alleged that he had fallen or been thrown. The plaintiff made no mention of the circumstance when he told fully the story of the accident upon the stand. He was afterwards recalled and this offer was made. Apparently it was not a circumstance of any particular importance in the mind of the plaintiff.

The only remaining assignment relates to another rejected offer of evidence asserted to have a bearing on the question of the plaintiff's negligence. Judging from the bill of exceptions, the plaintiff testified fully and with great particularity touching all that occurred before the accident, except with respect to the precise manner of his leaving the platform or step. Whether he fell off or was thrown off he could not say. Whether he stepped off, he said, was "exceedingly doubtful," but he was positive he did not jump off. As to all that occurred up to the time he had reached the platform he said that his recollection was very "vivid, clear," but as to what happened immediately after, it was "very vague." He made no claim in his own testimony that he was not in the full possession of his faculties, except that he said he had fallen asleep, and roused up after he passed the street where he had intended to get off and saw the red light at that corner. That he was startled, "as a man will be when awakened," asked the conductor if they had passed Webster street, received the conductor's reply that they had, and were near the barn; thereupon turned, pushed the bell button, turned back, saw the conductor also pressing a bell button, remained seated, waited a reasonable time for the car to come to a stop, and, being thoroughly convinced that it had come to a stop, arose to leave the car; that the conductor, still standing inside the rear exit door, put his hand behind him and opened the door and stepped to one side, and the plaintiff went out on the platform, bidding the conductor, "Good night," as he passed him,

and hearing the conductor respond, "Good night." All this without any suggestion in his testimony that the plaintiff was in any unusual condition as to his mental faculties, or any statement by him that he had been without sleep. Later in the trial, when one of his physicians was upon the stand testifying as his witness to the character and extent of his injuries, the physician was asked and stated about having seen the plaintiff twice on the day of the accident and prior thereto, first at about 9 o'clock in the morning and again at about 7:30 in the evening, at the hospital where his wife and daughter were for the purpose of an operation; that when the plaintiff left him he was much elated by having received good news of the patients' condition, and was in good physical condition. Thereupon the witness was asked by plaintiff's counsel: "Do you know whether he had been losing sleep for some nights before?" The question meeting with objection, counsel "stated that his reason for wishing to show that, is that it is one of the circumstances surrounding the case, this man's condition at that time resulting from losing several nights' sleep on account of the sickness of members of his family, and relevant on the question of his contributory negligence." The objection was sustained, but the ground of the objection or of the exclusion is not stated in the bill. In view of the time and method of the offer we are not impressed by it. No offer was made to show the physician had been with the plaintiff for the previous days and nights, and knew, or could have known, whether he had secured a normal amount of sleep. The plaintiff himself, who of all persons was best qualified to give testimony on that subject, had not mentioned it, but, on the contrary, had testified minutely as to what occurred immediately before the accident and had assured the jury that his recollection was vivid. Although the fact of the plaintiff's mental condition may have been material on the question of the reasonableness of his conduct, we should feel that in the circumstances heretofore related we should not be doing substantial justice to reverse the case by reason of the rejection of this offer, especially as we have no assurance by way of any distinct offer that the witness in fact knew anything about the matter. In offering

evidence from the mouth of his own witness a party is bound to know what the witness can say and to make the offer in such terms that the court has the assurance of the attorney that if permitted to speak the witness will so testify. The rule in cross-examination is, of course, different, because there the counsel cannot be supposed to know what the answer will be.

The result is that the judgment should be affirmed with costs.

*Affirmed*